Jaran May
c/o FastFile
2810 N Church St STE 91297
Wilmington, DE 19802
Telephone: (314) 688-5321
Email: mayjaran7@gmail.com
Plaintiff, pro se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
JARAN MAY,
Plaintiff,
v.
MITEK,
Defendant.
Case No. ____________________
(to be filled in by the Clerk's Office)
COMPLAINT

## INTRODUCTION

1. Plaintiff Jaran May brings this action against Defendant Mitek for harassment and termination based on race and transgender status, in violation of Title VII of the Civil Rights Act of 1964 and the Missouri Human Rights Act.

## JURISDICTION

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under Title VII, 42 U.S.C. § 2000e et seq.

3. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 because Plaintiff's Missouri Human Rights Act claims arise from the same employment events as his federal claims.

4. Venue is proper in the Eastern District of Missouri because the alleged unlawful employment practices occurred at Mitek's facility at 310 James S. McDonnell Boulevard, Hazelwood, Missouri 63042.

5. Plaintiff filed EEOC Charge No. 560-2026-01158 concerning race and

transgender-status discrimination, harassment, and termination. The EEOC issued a Notice of Right to Sue dated August 28, 2026.

## PARTIES

6. Plaintiff Jaran May was employed by Mitek as a production worker beginning December 3, 2025, at approximately $20 per hour.

7. Defendant Mitek employed Plaintiff at its Hazelwood, Missouri facility and may be served through its authorized agent or at that facility.

## FACTUAL ALLEGATIONS

8. Plaintiff is Black and transgender. Mitek's personnel knew or observed these characteristics during his employment.

9. During Plaintiff's brief employment, lead area manager Garrison closely watched him on the machines and repeatedly called coworker William over for private discussions near the machines. Plaintiff was singled out on the production line and subjected to private scrutiny.

10. Supervisor Gerson called Plaintiff "puente." Coworker William repeatedly mumbled a racial slur under his breath in Plaintiff's presence. Plaintiff alleges this conduct and the unequal treatment were directed at him because of his race and transgender status.

11. Plaintiff received positive feedback from longer-tenured staff about his work and received no warning or written discipline before his employment ended.

12. On or about December 10, 2025, after only several days of employment, Rebecca of QPS Employment Group notified Plaintiff by telephone that his employment had been terminated.

13. The harassment and termination caused Plaintiff to lose his wages and suffer emotional distress and related financial harm.

## COUNT I

## TITLE VII — SEX (TRANSGENDER-STATUS) HARASSMENT AND

**DISCRIMINATION**

14. Plaintiff incorporates paragraphs 1 through 13.

15. Title VII prohibits discrimination and harassment because of sex, including transgender status. Plaintiff is transgender and was subjected to singled-out treatment, private scrutiny, and workplace harassment in the context of treatment he alleges was because of that status.

16. Mitek's personnel engaged in or permitted this conduct, and Mitek terminated Plaintiff shortly after it began. Plaintiff's transgender status was a motivating factor in the harassment and termination.

17. Mitek's conduct violated Title VII and caused lost wages, emotional distress, and other damages. Plaintiff seeks the relief available under Title VII, subject to applicable statutory limits.

**COUNT II**

**TITLE VII — RACE (BLACK) HARASSMENT AND DISCRIMINATION**

18. Plaintiff incorporates paragraphs 1 through 13.

19. Plaintiff is Black. During his employment, Gerson called him "puente," William repeatedly mumbled a racial slur under his breath, and Plaintiff was singled out and subjected to private scrutiny on the production line.

20. Mitek's personnel engaged in or permitted this racial harassment, and Mitek terminated Plaintiff shortly afterward. Plaintiff's race was a motivating factor in the harassment and termination.

21. Mitek's conduct violated Title VII and caused lost wages, emotional distress, and other damages. Plaintiff seeks the relief available under Title VII, subject to applicable statutory limits.

**COUNT III**

**MISSOURI HUMAN RIGHTS ACT, MO. REV. STAT. § 213.055**

22. Plaintiff incorporates paragraphs 1 through 13.

23. The Missouri Human Rights Act prohibits discrimination and harassment because of race and sex, including transgender status.

24. Mitek's personnel subjected Plaintiff to the racial remarks, transgender-related treatment, singling out, and private scrutiny described above, and Mitek ended his employment on or about December 10, 2025.

25. Plaintiff's race and transgender status were contributing factors in the harassment and termination. Plaintiff suffered lost wages, emotional distress, and related financial harm.

26. Mitek is liable under Mo. Rev. Stat. § 213.055. Plaintiff seeks the remedies authorized by Missouri law, including damages, equitable relief, and reasonable attorney fees and costs.

## PRAYER FOR RELIEF

Plaintiff requests judgment against Defendant Mitek for:

(a) back pay and other lost compensation;

(b) compensatory damages for emotional distress and related harm;

(c) punitive damages to the extent authorized by law;

(d) equitable and injunctive relief;

(e) reasonable attorney fees and litigation costs;

(f) pre- and post-judgment interest; and

(g) any other relief authorized by Title VII and the Missouri Human Rights Act.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the

complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.

Date: ______________________

SIGN HERE

______________________________________

Signature of Plaintiff
Plaintiff, pro se

Printed name: Jaran May
c/o FastFile
2810 N Church St STE 91297
Wilmington, DE 19802
Telephone: (314) 688-5321
Email: mayjaran7@gmail.com